José A. López del Valle, Registrador de la Propiedad de Humacao, peticionario y apelado, *v.* Asociación Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico, y su Presidente José G. López, demandados y apelantes.

Núm. 7874.—*Sometido:* Febrero 18, 1940. *Resuelto:* Julio 5, 1940.

*R. Martínez Nadal* y *C. H. Juliá,* abogados de los apelantes; *Arturo Aponte,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

El peticionario, José López del Valle, ha sido Registrador de la Propiedad de Humacao por más de veinte años.

Él estaba asegurado con la Asociación de Empleados del Gobierno Insular de Puerto Rico. En enero, 1936, aparentemente a instancias de la P.R.R.A., el Procurador General le concedió una licencia sin sueldo. La licencia fué prorrogada en distintas ocasiones y el peticionario trabajó en la referida agencia federal hasta el primero de diciembre de 1937, cuando tomó posesión nuevamente de su cargo.

Hasta noviembre, 1936, y, podría decirse, para garantizar su derecho al seguro, el peticionario continuó efectuando sus pagos mensuales. Hasta ese momento un empleado de la Asociación le había estado notificando de las primas que tenía que pagar. Ese empleado dejó de trabajar en la Asociación y a partir de esa fecha nadie remitió a López los avisos que había estado recibiendo. Entonces dejó de pagar.

Es de notarse que los pagos no siempre son los mismos y que un miembro de la Asociación tiene que determinar su importe. Éste depende del número de muertos o incapacitados. El pago podría ascender a $4 o menos.

En junio 22, 1936, o antes del supuesto incumplimiento *(default)* del peticionario, la Junta de Directores de la Asociación acordó en términos generales eliminar de su registro a ciertos empleados que no habían pagado sus primas y autorizó a su presidente a hacerlo así en el futuro cuando un empleado dejara de pagar las mismas.

El presidente no actuó en el caso del peticionario, pero el secretario eliminó su nombre de los libros el 14 de febrero de 1937. El peticionario no fué notificado. Allá para el 27 de noviembre de 1937, el peticionario fué a las oficinas de la Asociación para notificarles que iba a regresar a su cargo y que deseaba pagar las cuotas en descubierto, en caso de que las hubiera. Entonces se le informó de la acción tomada. En diciembre 7, 1937, el peticionario escribió a la Junta solicitando se le reinstalara. La Junta en 13 de enero de 1938 ratificó la actuación del secretario, y en febrero 14 denegó la solicitud de reinstalación. Se le dijo que de conformidad con la sección 25 de la ley, tal cual había sido enmendada por la Ley núm. 150 de mayo 15, 1937 (Leyes de 1936-37, pág. 399), él tenía que hacer una nueva solicitud.

El peticionario tenía derecho a continuar el seguro mientras disfrutaba de licencia siempre que pagara las primas de seguro. Conforme vemos, la ley no dice qué sucede si un empleado reanuda su empleo. Si el asegurado hace una nueva solicitud, no puede disfrutar de los beneficios del seguro hasta que haya pagado las cuotas correspondientes a cinco años.

López del Valle acudió ante la Corte de Distrito de San Juan en solicitud de un auto de *mandamus*. El auto fué expedido. La corte de distrito resolvió que según la ley la pérdida del derecho del empleado que disfruta de licencia a obtener el seguro, por dejar de pagar las cuotas es meramente

temporal, mientras dura la licencia, y que cuando el empleado regresa a su trabajo automáticamente queda asegurado de nuevo; que la eliminación permanente del empleado del registro de la asociación no está autorizada por ley. La corte distingue el caso de *Sanquírico* v. *Asociación Fondo de Ahorro*, 52 D.P.R. 821, en el sentido de que el mismo es aplicable solamente a la primera parte del artículo 21, *infra*. Se dictó sentencia en junio 2, 1938, y la Junta apela.

El caso gira en torno al alcance e interpretación que debe darse a la sección 21 de la ley, tal cual ésta fué finalmente enmendada por la núm. 150 de mayo 15, 1937 (Leyes de ese año, pág. 408) que provee:

"Sección 21.—Todo socio acogido a los beneficios de esta Ley que renunciare o fuere separado de su cargo por hechos que no impliquen perversión moral, podrá continuar disfrutando de los beneficios del seguro por muerte, siempre que, al cesar en su cargo notifique por escrito a la Junta de Directores su intención de hacerlo así, debiendo en tal caso, continuar cotizando cada vez que ocurra una defunción y sea notificada; *Disponiéndose*, que si dejare de cotizar tres meses consecutivos cuando hubiere defunciones, perderá todos sus derechos al seguro y a la devolución del 50 por ciento de las cuotas pagadas por miembros fallecidos, de que trata la sección 22 de esta ley; *Y disponiéndose, además*, que todo empleado que se encuentre disfrutando de licencia sin sueldo, o que esté suspendido de empleo y sueldo temporalmente, conservará sus derechos a los beneficios del seguro por muerte y por inutilidad física, mientras dure tal licencia o suspensión temporal, siempre que, durante los primeros diez días de cada mes consigne en la oficina de la asociación una cantidad igual a la que le sería descontada de su sueldo para los efectos del seguro, como si no hubiere estado bajo tal licencia o tal suspensión temporal."

Antes de proceder a analizar el caso con más amplitud, podríamos decir que hubo una tentativa de desestimar el recurso y que la moción a ese efecto fué declarada sin lugar; que entonces se presentó más recientemente otra moción y que el caso se encuentra ahora ante nos a virtud de la misma. Las partes sin embargo, acordaron someter el caso sobre los méritos y así lo discutiremos.

Ahora bien, aunque el peticionario durante cierto término trató de colocarse a sí mismo en la posición de un empleado que disfruta de licencia sin sueldo y en armonía con esta idea efectúa ciertos pagos, sin embargo, su posición no es ni la de un empleado que ha renunciado ni la de uno que disfruta de licencia. López del Valle trabajaba para el gobierno federal y nunca abandonó su derecho a regresar a su cargo de registrador de Humacao. La segunda parte del artículo 21 se refiere más claramente a empleados que meramente se ausentan de su empleo.

Cuando el peticionario regresó a su cargo de registrador, podría decirse que recuperó sus derechos. Por tanto, de acuerdo con los principios de equidad, al pagar la suma en descubierto, debe hacérsele figurar como miembro de la asociación de empleados con todos sus derechos. Incidentalmente podríamos decir que el señor López del Valle no es un empleado, sino un funcionario, y el artículo 21 por sus propios términos se refiere a empleados solamente.

Consideremos el caso en forma algo más similar a como las partes mismas lo han discutido, y tratemos al peticionario tal cual si fuera un empleado corriente que ha regresado a su cargo. Nuestra interpretación de la última parte del artículo 21 sería entonces que los derechos del peticionario quedaron en suspenso al dejar de enviar sus primas, mes tras mes, y que surgieron de nuevo al hacerse el peticionario nuevamente cargo de sus deberes de registrador.

Conforme hemos sugerido al principio de esta opinión, debería enviarse a cada asociado algún aviso indicando la suma que tiene que pagar. Bajo todas estas circunstancias, creemos que es en parte una excusa para el peticionario el dejar de pagar al no recibir aviso de la prima con que tiene que contribuir.

El peticionario apelado también insiste en que el presidente de la asociación, que estaba autorizado por la Junta para remover o suspender a los empleados, nunca actuó. El secretario de la Junta asumió esa facultad y así lo informó al

peticionario cuando éste acudió a las oficinas de la Junta a tratar de reinstalar su póliza de seguros. La actuación del secretario fué ratificada por la Junta. El peticionario sostiene además que la Junta misma no tenía facultad alguna bajo el artículo 21 para eliminarle de las listas como asegurado.

Después de haberse celebrado la vista en este caso èl apelado radicó un alegato sobre los méritos, mas la apelante no contestó el mismo.

*La sentencia apelada debe ser confirmada.*